IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| SHERRY LYNN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:17-cv-01945-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion to alter or amend the court's August 3, 2018 judgment, which remanded this case to the Social Security Administration for further review. For the reasons set forth below, the court denies the Commissioner's motion to alter or amend judgment.

## I.  BACKGROUND

Plaintiff Sherry Lynn Phillips ("Phillips") filed an application for disability insurance benefits on October 24, 2014, alleging disability beginning on March 15, 2014. The Social Security Agency denied Phillips's claim initially and on reconsideration. Phillips requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a hearing on May 18, 2016. The ALJ denied Phillips's claim on August 10, 2016. Phillips then requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision as the final action of the Commissioner.

On July 21, 2017, Phillips filed this action seeking review of the ALJ's decision denying her benefits, arguing in part that the ALJ failed to take into account her

1

limitations in concentration, persistence, and pace ("CPP"). The R&R agreed and recommended that the case be remanded. The R&R explained that the ALJ's decision did not comply with Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), because the ALJ's residual functional capacity ("RFC") determination did not discuss how Phillips's CPP limitations would affect her ability to work an eight-hour workday. This court summarily affirmed the R&R on August 3, 2018.

The Commissioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) on August 27, 2018, and Phillips responded on September 11, 2018. The motion is now ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. Though the rule does not provide a standard under which a district court may grant such motions, the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pac. Ins. Co., 148 F.3d at 403 (citation and internal quotations omitted). Nor

are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

### III. DISCUSSION

The Commissioner argues that (1) the ALJ did address the issuing of working a full workday by endorsing medical opinions that addressed Phillips's ability to do so; and (2) Mascio is distinguishable from the instant case and does not compel a remand. The court is not persuaded by either argument.

The Commissioner first argues that the ALJ addressed Phillips's ability to stay on task throughout an eight hour workday "by adopting uniformly consistent medical opinions directly on point." ECF No. 25 at 2. The Commissioner then cites to various medical records to show that the information about Phillips's ability to work a full work day did exist in the record. First, the Commissioner discusses the opinion of Dr. Lucas, who left blank the space on his forms that asked about Phillips's work-related limitations. The Commissioner argues that "[t]he ALJ drew a reasonable inference that Plaintiff did not have persistence or task-based limitations and that treating physician Dr. Lucas was indeed endorsing Plaintiff's good-to-adequate ability to perform and sustain work activity without further restriction." Id. at 3. The ALJ stated that these medical records reflect that Phillips "retained a capacity for work activity" and "was able to work." Tr. 63–64.

The Commissioner also points to Dr. Whitley's records, which state that Phillips's "ability to tolerate stress, changes, demands, and pressure during a normal work day

3

would be moderately impacted by her observed pain and to a lesser exten[t] her depression." ECF No. 25 at 3 (citing Tr. 628). The Commissioner argues that "the ALJ reasonably read this report to support a capacity for work activity without the need for additional persistence or task-based limitation: 'The findings of the mental consultative examiner also demonstrate a capacity for work.'" Id. at 4 (citing Tr. 64).

Finally, the Commissioner notes that the state agency psychological experts opined that Phillips had a "'moderate' limitation in . . . the ability to 'complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods,'" and the "moderate limitation" was translated "into a specific finding that Plaintiff 'is able to carry out simple tasks for two hours at a time without special supervision, and would not have an unacceptable number of work absences due to psychological symptoms.'" Id. (citing Tr. 106–07, 126). With regard to these medical opinions, the ALJ stated that he considered the findings "to the effect that the claimant can perform a range of unskilled light work" and "[t]hose findings further support the residual functional capacity described above." Tr. 65.

While the evidence that the Commissioner pointed to may have been sufficient for the ALJ to find Phillips able to work for a full workday, there is simply nothing in his decision to show that he made this finding. The ALJ's conclusory statements about Phillips being able to work do not specifically address her ability to work a full workday. As the R&R notes

> the ALJ may be able to properly find from the evidence how or to what extent Plaintiff's CPP limitation would effect [sic] her ability to stay on task at a job over the course of an 8 hour work day, if at all. However, it is incumbent on the ALJ to do so, and since the ALJ did not make that

4

>determination or finding in his decision, it would not be proper for this Court to now do so in the first instance.

ECF No. 19 at 13 (emphasis in the original). This applies with equal force now—the ALJ must make the determination, not the Commissioner.

Next, the Commissioner argues that the R&R erred by invoking Mascio to remand the case. In Mascio, the Fourth Circuit held, among other things, that (1) the ALJ erred by not conducting a function-by-function analysis of the claimant; and (2) the ALJ presented a legally insufficient hypothetical to the vocational expert. 780 F.3d at 636–38. With regard to the first holding, the Fourth Circuit found that the ALJ's decision lacked sufficient analysis for the court to meaningfully review his conclusion about the claimant's functions. Id. at 636–37. The court drew particular attention to the fact that the ALJ "said nothing" about the claimant's ability to perform certain functions for a full workday. Id. at 637. The court thought that the ALJ's lack of analysis was particularly troubling because there was conflicting evidence in the record about the claimant's RFC that the ALJ did not address. Id.

As to the second holding, the Fourth Circuit found that the ALJ erred by not accounting for the claimant's mental impairments in his hypothetical to the vocational expert. Id. The hypothetical said nothing about the claimant's mental limitations. Id. The Fourth Circuit agreed with other circuits that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical to simple, routine tasks or unskilled work," as the ALJ in Mascio did. Id. at 638 (internal quotations omitted). The court noted that CPP limitations relate to whether the claimant can stay on task, not just whether the claimant can perform tasks. Id.

Because the ALJ did not explain why he did not consider the claimant's CPP limitations in his hypothetical, the Fourth Circuit found remand to be necessary.[1]

Here, the R&R uses both holdings to show that the ALJ's RFC assessment was insufficient. The R&R concluded that the ALJ failed to account for Phillips's mental limitations in its RFC finding by failing to address whether Phillips could work a full workday, and pursuant to Mascio, a remand was warranted.

The Commissioner initially argues that Mascio stands for the proposition that remand may be appropriate only when the ALJ fails to assess the claimant's capacity despite contradicting evidence, and because there is no contradictory evidence about Phillips's work ability on the record, Mascio does not apply. See ECF No. 25 at 6. The Commissioner states

> Rather, as the Fourth Circuit explained, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record." The ALJ's missing analysis was "especially troubling" in Mascio because "the record contains conflicting evidence . . . that the ALJ did not address." This matter is thus readily distinguishable from Mascio as no contradictory evidence on persistence exists in the record.

Id. (quoting Mascio, 780 F.3d at 636–37). However, the Mascio quote on which the Commissioner relies says, in full, "we agree with the Second Circuit that '[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, <u>or where other inadequacies in the</u>

---

[1] Notably, this hypothetical matched the ALJ's RFC, with the exception of the vocational expert adding "unskilled work." Id. at 637–38. This is important, because the court's analysis of the insufficient hypothetical is also an analysis of the RFC. Therefore, when the Fourth Circuit discussed the hypothetical that the ALJ posed to the vocational expert, it was actually discussing deficiencies with the RFC determination. Id. at 638 ("[T]he hypothetical was incomplete only if the ALJ failed to account for a relevant factor when determining Mascio's residual functional capacity.").

ALJ's analysis frustrate meaningful review.'" Mascio, 780 F.3d at 636 (emphasis added) (citing Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). The R&R clearly remanded for a lack of ability to meaningfully review the ALJ's determination. See ECF No. 19 at 12 ("Here, as neither the ALJ's RFC assessment nor the ALJ's hypothetical question to the [vocational expert] address Plaintiff's ability to stay on task, the court is left to guess how the ALJ accounted for this ability (or inability) despite finding that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace.").

Next, the Commissioner argues that the ALJ did adequately address whether Phillips could work for a full workday. The court notes that while the hypothetical in Mascio did not address the claimant's CPP limitations, the hypothetical posed to the vocational expert at Phillips's hearing does partially account for Phillips's CPP limitations: the ALJ asked about "occupations requiring no more than simple, routine, repetitive tasks not performed in a fast-paced production environment involving only simple work-related instructions and decisions relative to few workplace changes, would be further limited to occupations requiring no more than occasional interaction with coworkers and members of the general public." Tr. 91–92. However, as the R&R points out, Mascio and other courts have held that these additional factors mentioned in the ALJ's hypothetical still do not address Phillips's ability to work a full day. The R&R methodically considered each of the additional restrictions in the ALJ's hypothetical that were not found in the Mascio ALJ's hypothetical and explained how they still do not account for Phillips's ability to work an eight-hour workday. See ECF No. 19 at 8 (discussing Mascio's finding that restricting the hypothetical to "simple, routine tasks" does not account for CPP limitations); id. at 10 (explaining how "no more than

occasional interaction with co-workers and members of the general public along with few workplace changes" deals with workplace adaption, not CPP limitations, and citing cases); id. at 11–12 (explaining how "fast-pasted production jobs" do not account for CPP limitations and citing Varga v. Colvin, 794 F.3d 809 (7th Cir. 2015)).  Therefore, the R&R did not erroneously rely upon Mascio to find that a remand was warranted.

Because the R&R, as adopted by this court, does not contain a clear error of law, the court denies the motion to alter judgment.

### IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to alter or amend judgment.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**December 17, 2018
Charleston, South Carolina**